1   VALERIE VANAMAN, SBN 42406
    GEORGE D. CROOK, SBN 60889
2   **NEWMAN AARONSON VANAMAN**
    14001 Ventura Boulevard
3   Sherman Oaks, CA 91423
    Telephone: (818) 990-7722
4   Facsimile: (818) 501-1306

5   Attorneys for Plaintiffs
    H.B., by and through his Guardian
6   Ad Litem PENNY B.; PENNY B.

7

8                  **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10                      **WESTERN DIVISION**

11

12

13  H.B., by and through his Guardian Ad      ) CASE NO. CV 04-8572 FMC (SSx)
    Litem PENNY B.; PENNY B.,                 )
14                                            ) **PLAINTIFFS' NOTICE OF**
              Plaintiffs,                     ) **MOTION AND MOTION FOR**
15                                            ) **ATTORNEYS' FEES AND**
    vs.                                       ) **COSTS;  MEMORANDUM OF**
16                                            ) **POINTS AND AUTHORITIES IN**
                                              ) **SUPPORT THEREOF**
17  LAS VIRGENES UNIFIED  SCHOOL             )
    DISTRICT, ET AL.,                         ) [Supporting Declarations and
18                                            ) Request for Judicial Notice filed
              Defendants.                     ) concurrently herewith under separate
19  _____         ) covers]
                                              )
20                                              DATE: May 12, 2008
                                                TIME:  10:00 A.M.
21                                              CTRM: 750

22  **TO DEFENDANT LAS VIRGENES UNIFIED SCHOOL DISTRICT AND ITS**

23  **COUNSEL OF RECORD:**

24          **PLEASE TAKE NOTICE** that on May 12, 2008 at 10:00 a.m. or as soon

25  thereafter as counsel may be heard before the Honorable Florence-Marie Cooper in

26  Courtroom 750 of the United States District Court, Central District of California,

27  Western Division, located at 255 East Temple Street, Los Angeles, California,

28  Plaintiffs will move for an order awarding attorneys' fees and costs in this matter in

                                            1

the amount of $707,754.70.

This motion is made pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54-12, and follows the Local Rule 7-3 conference of counsel, which occurred on April 4 and 5, 2008.  This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Valerie Vanaman, George D. Crook, Robert M. Myers, Henry Tovmassian, Sharon A. Robinson, Natividad F. Chavira and Carol A. Sobel, the Request for Judicial Notice, the  record of this case,  and such other evidence and oral argument as may be presented at or before the hearing of this Motion.

DATED: April 21, 2008

NEWMAN AARONSON VANAMAN

By  *George D Crook*
George D. Crook
Attorneys for Plaintiffs H.B.
and Penny B.

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. sections 1400 *et seq.* An administrative hearing was held in pursuant to § 1415(f) on July 15-16 and 20-22, 2004. The hearing officer issued a decision in favor of Defendant Las Virgenes Unified School District ("District") on August 30, 2004. Plaintiffs timely filed the present administrative review action in this Court, which reversed the decision of the administrative hearing officer on August 22, 2005, based upon the Court's determination that the District impermissibly predetermined Plaintiff H.B.'s educational placement at an IEP meeting on June 2, 2004. The District duly appealed the Court's decision to the Ninth Circuit, which vacated the Court's August 22, 2005 order and remanded the matter for further factual findings. The Court conducted an evidentiary hearing on February 1, 2008, and the parties subsequently filed Post-Hearing Briefs. On March 26, 2008, the Court issued its Order on Remand, which once again reversed the decision of the administrative hearing officer and again concluded that Defendant did indeed violate the IDEA.

Following this Court's original August 22, 2005 decision, Plaintiffs filed Plaintiffs' Motion for Attorneys' Fees and Costs. On October 20, 2005, the Court granted the motion in the amount of $335,112.79 ("2005 Fee Order") but stayed execution thereon pending resolution of Defendant's appeal. This motion asks the Court to re-confirm and reinstate that award and to add the fees and expenses incurred in the Ninth Circuit and then again in this Court following the Ninth Circuit's remand.

The motion is organized as follows to reflect the several phases of this litigation:

1.   Exhibits "D," "E," "H" and "I" consist of time and expense records for the administrative hearing (Exhibit "D") and this Court's initial review and fee order (Exhibits "E" and "H") as well as the Court's October 20, 2005 fee order (Exhibit "I").   Amount:   $335,112.79

2.   Exhibit A consists of time and expense records from December 1, 2005 to July 6, 2007 for the defense of the District's appeal to the Ninth Circuit.   Amount:   $131,793.30

3.   Exhibit B consists of time and expense records for the period after the issuance of the Ninth Circuit's remand order beginning on July 11, 2007 and this Court's March 26, 2008 ruling.   Amount:   $225,919.11

4.   Exhibit C consists of time and expense records between March 27, 2008 and April 17, 2008 for the preparation of the instant motion.  It will necessarily be supplemented to reflect the time necessary to reply to the District's opposition.   Current Amount:   $ 14,929.50

**TOTAL AMOUNT:   $707,754.70**

///

///

## II.

## PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS UNDER THE IDEA

At 20 U.S.C. §1415(i)(3)(B), the IDEA provides for an award of attorneys' fees and costs to prevailing parties:

> In any action or proceeding brought under this section, the court, in its discretion may award reasonable attorneys' fees as part of the expenses to the parents or guardians of a child with a disability who is the prevailing party.

This comports with the statutory intent to provide parents with substantive rights that are enforced through procedural mechanisms, including the right to attorneys fees. *Barlow-Gresham Union High School District No. 2 v. Mitchell*, 940 F.2d 1280. 1286 (9th Cir. 1991).

The IDEA's attorneys fees provision employs the same standards and lodestar calculation as that used in other fee-shifting statutes such as the Civil Rights Attorneys Fees Awards Act of 1976, 42 U.S.C. § 1988. *Aguirre v. Los Angeles Unified School District*, 461 F.3d 1114, 1121 (9th Cir. 2006) [applying analysis set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983) to IDEA cases]. The criteria are the reasonableness of the hours expended and hourly rates within the range of the prevailing market rate in the community. *Hensley v. Eckerhart*, *supra,* at 437. Both the reasonableness of the hourly rate and the hours expended are presumed.

## III.

## PLAINTIFFS PREVAILED IN THIS CASE

The prevailing party standard is unequivocally met in this case. The Court's Order on Remand completely reversed the August 30, 2004 Decision of the California

Special Education Hearing Officer, and unequivocally held that Defendants had violated the IDEA. The Court granted all of the relief Plaintiffs sought and thus "judicially sanctioned" a "material alteration of the legal relationship of the parties." *Buckhannon Board and Care Home, Inc., et al. v. West Virginia Department of Health and Human Resources, et al.*, 532 U.S. 598, 602-603; 121 S. Ct. 1835 (2001); *Shapiro v. Paradise Valley Unified School District*, *No. 69*, 374 F.3d 857, 865 (9th Cir. 2004).

## IV.

## PLAINTIFFS' FEES AND EXPENSES ARE REASONABLE

The amount of attorneys fees awarded under the IDEA is determined using the lodestar calculation, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, *supra*, at 433; § 1415(j)(3)(B). The hourly rates must be on par with those that are "prevailing in the community . . . for the kind and quality of services furnished." § 1415(i)(3)(c).

### A.   The Number Of Hours Claimed By Plaintiffs' Are Reasonable And Documented.

Plaintiffs have fully documented the fees and costs incurred in pursuing this matter and have filed herewith as Exhibits A through E and Exhibit H the contemporaneous time and costs records maintained by Plaintiffs' counsel for each of the phases of the litigation to date. Plaintiffs have also filed the supporting Declarations of Valerie Vanaman, George D. Crook, Robert M. Myers, Henry Tovmassian, Sharon A. Robinson and Natividad F. Chavira, which aver under penalty of perjury that the time and cost record contained in these reflects the time expended in pursing this matter other than as reduced in the exercise of "billing judgment."

Valerie Vanaman and George D. Crook were the primary attorneys handling the case. The other attorneys assisted at their direction. The Ninth Circuit has recognized that "'the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort.'" *McGrath v. County of Nev.,* 67 F.3d

4

Plaintiffs' Notice of Motion and Motion for Attorneys' Fees and Costs;  Memorandum of Points and Authorities in Support Thereof

1  248, 255 (9th Cir. 1995) (quoting *Kim v. Fujikawa,* 871 F.2d 1427, 1435 n.9 (9th Cir.
2  1989)). A reduction of fees "is warranted only if the attorneys are *unreasonably* doing
3  the *same* work. An award for time spent by two or more attorneys is proper as long
4  as it reflects the distinct contribution of each lawyer to the case and the customary
5  practice of multiple-lawyer litigation." *Johnson v. Univ. College,* 706 F.2d 1205,
6  1208 (11th Cir. 1983); *See, Probe v. State Teachers' Ret. Sys.,* 780 F.2d 776, 785 (9th
7  Cir. 1986).

8       The District retained a law firm which represents school districts nationwide
9  and hired "internationally recognized experts" to support its campaign to force H.B.
10  out of his placement at the Elliott Institute.  After this Court's August 2005 Order was
11  entered, the District appealed to the Ninth Circuit, which in turn required a further
12  evidentiary hearing before this Court.  The time spent and costs incurred are modest
13  in view of the excellent result obtained.

14       In *Hensley v. Eckerhart*, the United States Supreme Court stated:

15            Where a plaintiff has obtained excellent results, his
16            attorney should recover a fully compensatory fee.
17            Normally this will encompass all hours reasonably
18            expended on the litigation . . . Litigants in good faith may
19            raise alternative legal grounds for a desired outcome, and
20            the court's rejection of or failure to reach certain grounds
21            is not a sufficient reason for reducing a fee.  The result is
22            what matters.

23  *Hensley v. Eckerhart*, *supra,* at 435.

24       H.B. brought this case in order to reverse the administrative decision in this
25  matter.  The result is that H.B. and his parents have now proven that the District
26  violated the IDEA, and they have obtained the Court's reversal of the administrative
27  decision in this matter.  Plaintiffs obtained all of the relief they sought.  *Hensley*
28  requires a full payment of all fees incurred in this litigation.

1   **1.     The Administrative Hearing and the Initial Review by This**
2          **Court**

3          On October 20, 2005, this Court filed the Order Granting Plaintiffs' Motion for
4   Attorneys Fees and Costs which provided recompense to Plaintiffs for the attorneys
5   fees and costs incurred at the administrative hearing and in connection with this
6   Court's initial review through September 7, 2005 in the amount of $335,112.79.
7   Plaintiffs have asked the Court to take judicial notice of its own file for Plaintiffs'
8   September 8, 2005 fee motion with the accompanying time and expense records for
9   these two phases (Exhibits "D," "E" and "H") and this Court's October 20, 2005
10  Order, which we have styled as Exhibit "I" on this motion.  These two phases of
11  Plaintiffs' attorneys' fees and expenses has already been litigated, and thus the
12  $335,112.79 attorneys' fees and $7,550.76 in costs the Court awarded should be
13  reinstated and included in the Court's order on this motion.  (The rule is that when an
14  attorney's compensation is delayed, "current rates, rather than historical rates, should
15  be applied in order to compensate for the delay in payment," *Le Blanc-Sternberg v.*
16  *Fletcher*, 143 F.3d 748, 764 (2nd Cir. 1998).  To be sure that there can be no
17  legitimate argument about the "billing judgment" underlying this motion, we are not
18  asking that this rule be enforced.  The savings to the District is obviously quite
19  substantial.)

20  **2.     Defendant's  Appeal to the Ninth Circuit**

21         Fees and costs on an intermediate appeal are recoverable for an ultimately
22  prevailing party even if that party did not prevail before the court of appeal.  *Cabrales*
23  *v. County of Los Angeles,* 935 F.2d 1050, 1053 (9th Cir. 1991); *Ash v. Lake Oswego*
24  *School District, No. 7J,* 980 F.2d 585, 590 (9th Cir. 1992).  Plaintiffs have now
25  prevailed, and defending this Court's initial decision on appeal was a necessary step
26  to attain that victory.  The hours and expenses for this phase of the litigation are
27  found in Exhibit A and include the time from December 1, 2005 to July 6, 2007.  The
28  total amount is $131,793.30.

### 3.     The Proceedings on Remand

The IDEA also dictates recompense for the attorneys fees and costs expended after the Ninth Circuit's remand to this Court.  Rather obviously, when a party prevails after remand from the Ninth Circuit, the party is entitled to recover reasonable attorneys fees and costs for both the district and appellate court proceedings.  *Ojai Unified School District v. Jackson*, 4 F.3d 1467, 1480. (9th Cir. 1993).  Plaintiffs prepared extensive proposed findings of fact and conclusions of law and participated in the evidentiary hearing of February 1, 2008 in this Court and submitted Post-Hearing Briefs. The time from July 11, 2007, the period between the issuance of the Ninth Circuit Memorandum through March 26, 2008, the date of the Court's ruling on this motion.  The hours and expenses incurred for this phase of the litigation are set forth in Exhibit B.  The total amount is $225,919.11.

### 4.     The Present Fee Motion

As with cases falling under the umbrella of 42 U.S.C. §1988, the IDEA's fee shifting provision also permits recompense for the fees and expenses incurred in establishing entitlement to fees.  *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). The time frame for this phase of the litigation is between March 27, 2008 and will continue until the Court's final order on this Motion.  As of April 17, 2008, Plaintiffs have incurred the fees and expenses for this phase of the litigation in the amount of $14,929.50 as set forth in Exhibit C.

### B.     Counsels' Hourly Rates Are Below the Prevailing Market Rate.

The IDEA contemplates an award of attorneys fees to be calculated in accordance with the community's prevailing market hourly rate.  §1415(I)(3)( c); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir.1987) [prevailing market rate indicative of  reasonable hourly rate].  In *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), *vacated in part on denial of rehearing*, 984 F.2d 345, (9th Cir., 1993), the Ninth Circuit observed that when calculating a fee award close attention should be paid to the fees charged by lawyers

7

of reasonably comparable skill, experience, and reputation. *Id.*, at 1546.   Filed herewith is the Declaration of Carol A. Sobel in which she avers that the hourly rates charged by Plaintiffs' counsel in this case are each *below* the community's prevailing market hourly rate for lawyers of comparable skill, experience and reputation.[1] Sobel Declaration at pp. 2, 3, 5, 9.  Also filed to the Declaration of George D. Crook herewith as Exhibit O is the Helder Associates Attorney Billing Rate Survey from 2004 for the "Western Region," which offers further proof that the hourly rates sought by Plaintiffs' counsel are well below the prevailing rates in the community for attorneys of comparable skill, experience, and reputation. (This survey is four years old, rates have only increased over this period.)   Finally, $170.00 per hour for paralegal work is likewise competitive.

## V.

## CONCLUSION

For the foregoing reasons, this motion should be granted in its entirety. Plaintiffs have litigated this matter before the California Special Education Hearing Office, this Court, the Court of Appeals for the Ninth Circuit, and this Court again. Their victory is complete, and the fees and expenses sought are easily proportionate to the protracted nature of this litigation.

DATED: April 21, 2008          Respectfully submitted,

                               NEWMAN.AARONSON.VANAMAN

                               By _George D Crook_
                                  George D. Crook
                                  Attorneys for H.B. and Penny B.

---

[1] Ms. Sobel does not address the reasonable hourly rate for Mr. Chavira's time. That is addressed in the September 8, 2005 Declaration of Thomas J. Nolan of which the Court is asked to take judicial notice as Exhibit "F."

8