1   VALERIE VANAMAN, SBN #42406
    vvanaman@navlaw.net
2   GEORGE D. CROOK, SBN #60889
    latrobonus@gmail.com; gcrook@navlaw.net
3   **NEWMAN.AARONSON.VANAMAN**
    14001 Ventura Boulevard
4   Sherman Oaks, CA 91423
    Tel. (818) 990-7722
5   Fax (818) 501-1306

6   RICHARD M. PEARL, SBN #46351
    rpearl@interx.net
7   **LAW OFFICES OF RICHARD M. PEARL**
    1816 Fifth Street
8   Berkeley, CA 94710
    Tel. (510) 649-0810
9   Fax (510) 548-5074

10  Attorneys for Plaintiffs

11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14  H.B., by and through his Guardian Ad      )  CASE NO. CV 04-8572 CAS (SSx)
    Litem PENNY B.; PENNY B.,                 )
15                                            )  **PLAINTIFFS' NOTICE OF**
                            Plaintiffs,       )  **MOTION AND MOTION FOR**
16                                            )  **LIFTING OF STAY AND FOR**
    vs.                                       )  **DETERMINATION OF**
17                                            )  **PREVIOUSLY FILED MOTION**
    LAS VIRGENES UNIFIED                      )  **FOR ATTORNEYS' FEES AND**
18  SCHOOL DISTRICT; CALIFORNIA               )  **COSTS;  MEMORANDUM OF**
    SPECIAL EDUCATION HEARING                 )  **POINTS AND AUTHORITIES IN**
19  OFFICE,                                   )  **SUPPORT THEREOF**
                                              )
20                          Defendants.       )  [Supporting Declarations filed
                                              )  concurrently herewith under separate
21  _____  )  covers]

22                                               Date:        September 13, 2010
                                                 Time:        10:00 a.m.
23                                               Courtroom: 5

24  ///

25  ///

26  ///

27  ///

28  ///

1

**Table of Contents**

2

3
Page

4
NOTICE OF MOTION AND MOTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5
MEMORANDUM OF POINTS AND AUTHORITIES

6
I.     INTRODUCTION AND HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7
       A.     Overview. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
       B.     History of the Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8

9
II.    THE OCTOBER 21, 2005 FEE ORDER IS NOW FINAL
       AND THE STAY ON ENFORCEMENT OF THAT ORDER

10
       SHOULD BE LIFTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11
III.   PLAINTIFFS' APRIL 21, 2008 FEE MOTION SHOULD
       NOW BE DECIDED BY THIS COURT. . . . . . . . . . . . . . . . . . . . . . . . 7

12
IV.    PLAINTIFFS ARE ENTITLED TO THEIR REASONABLE
       ATTORNEYS' FEES FOR THIS MOTION. . . . . . . . . . . . . . . . . . . . . 8

13
V.     CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

14
SUPPORTING DECLARATIONS

15
DECLARATION OF GEORGE D. CROOK

16
DECLARATION OF RICHARD M. PEARL

17
DECLARATION OF CAROL A. SOBEL

18
DECLARATION OF VALERIE VANAMAN

19
DECLARATION OF HENRY TOVMASSIAN

20
DECLARATION OF SHARON A. ROBINSON

21

22

23

24

25

26

27

28

# Table of Authorities

Page

## CASES

*Anderson v. Dir., Office of Workers Compensation Programs*,
 91 F.3d 1322 (9th Cir. 1996)............................................. 9

*Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)......................... 9

*Cabrales v. County Los Angeles,* 935 F.2d 1050 (9th Cir. 1991). ............. 8

*California Medical Assoc. v. Shalala*, 207 F.3d 575 (9th Cir. 2000). .......... 7

*Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973 (9th Cir. 2008).......... 9

*Corder v. Brown*, 25 F.3d 833, (9th Cir. 1994). ........................... 8

*Friend v. Kolodzieczak*, 65 F.3d 1514 (9th Cir. 1995)...................... 9

*Guam Society of Obstetricians & Gynecologists v. Ada*,
 100 F.3d 691 (9th Cir. 1996)............................................ 8, 9

*Prison Legal News v. Schwarzenegger*, ____F.3d ___..................... 10

## STATUTES

20 USC §1400 *et seq.*. ............................................. 4, 6,

20 USC §1415(i)(3)(c).............................................. 9

28 USC §1961. .................................................... 7, 8

## RULES AND REGULATIONS

Federal Rules of Civil Procedure 60(b). ............................... 7, 8

Federal Rules of Civil Procedure, Local Rule 54-12. ...................... 2

Federal Rules of Civil Procedure, Local Rule 7-3. ........................ 2

**TO DEFENDANT LAS VIRGENES UNIFIED SCHOOL DISTRICT AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 13, 2010 at 10:00 a.m. or as soon thereafter as counsel may be heard before the Honorable Christina A. Snyder in Courtroom 5 of the United States District Court, Central District of California, located at 312 North Spring Street, Los Angeles, California, Plaintiffs will and hereby do move for the following:

1.   An Order lifting the stay of execution on Judge Cooper's October 21, 2005 Order Granting Plaintiffs' Motion for Attorney Fees and Costs (Dkt. No. 51) and directing the District to pay the total sum of $399,825.37, (i.e. $335,112.79, plus accrued interest of $64,712.58 through July 20, 2010), plus interest at the daily rate of $34.52 from July 21, 2010 until payment by the District;

2.   A decision and Order on Plaintiffs' April 21, 2008 motion for attorneys fees and costs (Dkt. No. 82) on the basis of the briefing and documents previously filed, with an award of interest thereon; and

3.   An Order awarding Plaintiffs their reasonable attorneys' fees for bringing this motion, in the amount of $21,239.10, plus all attorneys fees and costs incurred from July 21, 2010 through the date of hearing on this motion.

This motion is made pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule 54-12 and this Court Order on June 14, 2010 (Dkt. No. 111), and follows the Local Rule 7-3 conference of counsel, which occurred on various dates, including June 9, 2010.   This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of George D. Crook, Valerie Vanaman, Richard M. Pearl, Carol A. Sobel, Henry Tovmassian, Sharon A. Robinson filed concurrently herewith, the two previously filed fee motions

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LIFTING OF STAY AND FOR DETERMINATION OF PREVIOUSLY FILED MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2

1    and supporting declarations, Judge Cooper's Fee Order (Docket Number 51), the

2    record of this case,  and such other evidence and oral argument as may be presented

3    at or before the hearing of this Motion.

4

5    DATED:  July 20, 2010

                                 **NEWMAN AARONSON VANAMAN**
6                                Valerie Vanaman
                                 George D. Crook
7                                Henry Tovmassian

8                                **LAW OFFICES OF RICHARD M. PEARL**
                                 Richard M. Pearl
9

10

                                 By /s/ Richard M. Pearl
11                                   Richard M. Pearl
                                     Attorneys for Plaintiffs H.B. and Penny B.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.    INTRODUCTION AND HISTORY

## A.    Overview

This action was brought by Plaintiffs H.B., an autistic child, and his mother, Mrs. B, pursuant to the Individuals With Disabilities Education Act, 20 USC §1400 *et seq.* ("IDEA"). It sought judicial review of an administrative decision in favor of Defendant Las Virgenes Unified School District ("the District").

The central issue was whether the District's June 2, 2004, Individualized Education Program ("IEP") had offered H.B., who was eleven years old at the time, the free appropriate public education ("FAPE") required under the IDEA. The following sequence of events then occurred: Judge Cooper decided the merits in Plaintiffs' favor and awarded them their reasonable attorneys' fees, execution on which it ordered stayed pending the District's appeal of the merits; the District appealed Judge Cooper's merits decision but not her fees award; the Ninth Circuit remanded for a further evidentiary hearing; Judge Cooper held an evidentiary hearing and again ruled in the Plaintiffs' favor; a second fee motion, seeking fees for the first appeal and the remand proceedings, was filed and fully briefed, which Judge Cooper then held in abeyance in light of yet another appeal by the District; Judge Cooper's remand decision was upheld by the Ninth Circuit, which issued its Mandate on June 1, 2010; and on June 10, 2010, the case was reassigned to this Court.

At this point, there are two matters before this Court. First, execution on Judge Cooper's Attorneys October 21, 2005 Order Granting Plaintiffs' Motion for Attorney Fees and Costs, following the first of her two decisions for Plaintiffs, was stayed pending the District's appeal. That stay should now be lifted and Plaintiffs should be allowed to execute on it.

Second, Plaintiffs' subsequent fee motion, which followed Judge Cooper's second decision in their favor (the decision recently upheld by the Ninth Circuit), was abated after it had been fully briefed pending District's appeal from the second

decision.  Because the parties completely briefed this attorneys' fees motion in 2008, it should now be ruled upon without further briefing.

In addition, Plaintiffs seek their reasonable attorneys' fees for this motion, which they are willing to waive should the District agree to pay the original award, with interest, and allow this Court to determine the second fee motion on the papers previously filed.

## B.    History of the Litigation

Plaintiff H.B. is a child with autism.  He and his mother, Mrs. B., filed this case on October 15, 2004 pursuant to the IDEA, seeking judicial review of the administrative decision in the District's favor. Following the parties' cross-motions, Judge Cooper ruled on August 22, 2005 that the subject IEP had been predetermined by the District and that therefore H.B. had not been offered a FAPE.[1]  The District appealed Judge Cooper's decision on September 19, 2005 ("the first appeal").[2]  On October 21, 2005, Judge Cooper awarded Plaintiffs their reasonable attorneys' fees and costs in the sum of $335,112.79, but stayed execution on it pending the District's appeal to the Ninth Circuit.[3]  The District did not appeal this fee award, and therefore it is now final.

On July 3, 2007, the Ninth Circuit remanded the case to Judge Cooper with instructions to conduct an evidentiary hearing "and determine on that basis whether the School District was, in fact, willing to consider alternative placements in light of any difficulties or problems that might exist, or that the parents might [have pointed] our [at the IEP meeting], even though it believed that its proposed placement

---

[1] Dkt. No. 35.  For the Court's convenience, a true and correct copy of Judge Cooper's August 22, 2005 Order is filed as Exhibit "A" to the accompanying Declaration of George D. Crook.

[2] Dkt. No. 40 (Crook Decl., Exh. "B").

[3] Dkt. No. 51 (Crook Decl., Exh. "C").

provided the plaintiff student with a free appropriate public education."[4]  If it reached "a contrary conclusion," the district court was to "consider any other claims regarding procedural and substantive compliance with the IDEA.  *Id.*

Judge Cooper conducted the evidentiary hearing on February 1, 2008 and on March 26, 2008, issued an Order on Remand determining "that before the IEP meeting began, the District was not willing to consider alternative placements for the student ...."[5] Noting that the Court did "not believe the testimony of the district representatives to the contrary," Judge Cooper found "by a preponderance of the evidence that H.B.'s placement was predetermined and, accordingly, the procedural requirements of IDEA were violated."  *Id.*

Plaintiffs then filed a second fee motion on April 21, 2008 to obtain the fees incurred in the Ninth Circuit on the first appeal and on remand in the District Court; that motion was fully briefed by the parties.[6]  On June 13, 2008, however, Judge Cooper issued an order holding the fee motion in abeyance pending the Ninth Circuit's resolution of the District's appeal from her decision on remand ("the second appeal).[7]

On March 11, 2010, the Ninth Circuit issued its Memorandum affirming Judge Cooper's March 26, 2008 decision, concluding that "the procedural requirements of the IDEA were violated, and the hearing officer's decision was properly reversed."[8] On June 1, 2010, the Ninth Circuit issued its Mandate to this Court and awarded

---

[4/] Dkt. No.  57 (Crook Decl., Exh. "D").

[5/] Dkt. No. 79 (Crook Decl., Exh. "E").

[6/] Dkt. Nos. 82, 88, 91, 92, 93, 94, 95 and 96.

[7/] Dkt. No. 102 (Crook Decl., Exh. "F").

[8/] Dkt. No. 105 (Crook Decl., Exh. "G").

1    Plaintiffs the $344.50 in statutory costs they had claimed on the appeal.[9]

2        As noted above, there are now two matters before the Court. The first is the

3    lifting of Judge Cooper's stay of execution of the October 21, 2005 Fee Order and

4    entry of an order requiring the District to pay it, with accrued interest pursuant to 28

5    U.S.C. §1961. The second is to rule on Plaintiffs' second attorneys' fees motion,

6    filed April 21, 2008, which Judge Cooper ordered abated pending the Defendant's

7    second appeal. That appeal has now been completed and the motion is ripe for

8    determination. In addition, Plaintiffs seek their reasonable attorneys' for this motion.

9

10   **II.    THE OCTOBER 21, 2005 FEE ORDER IS NOW FINAL, AND**
        **THE STAY ON ENFORCEMENT OF THAT ORDER SHOULD**
11      **BE LIFTED**

12       Judge Cooper's October 21, 2005 Fee Order (Crook Decl., Exh. "C")

13   determined that Plaintiffs' reasonable attorneys' fees and costs through September 26,

14   2005 were $335,112.79. That Order was not appealed and became final on November

15   20, 2005. In deference to the District's pending appeal on the merits, however, Judge

16   Cooper stayed execution on the Fee Order pending the District's appeal. That stay

17   was renewed in the Court's June 13, 2008 Order Staying Adjudication of Attorneys'

18   Fees Motion "until the issuance of a decision by the Ninth Circuit on the Defendants'

19   latest appeal." Dkt. No. 102 (Crook Decl., Exh. "F".) That decision has been reached,

20   and it wholly affirms the District Court's decision on the merits.

21       No conceivable reason exists to continue the stay on execution ordered by

22   Judge Cooper any longer. When, as here, a party appeals the merits, but not the fee

23   award, the fee award becomes final unless the merits are subsequently reversed and

24   the party is granted relief under FRCP 60(b). *California Medical Assoc. v. Shalala*,

25

26   _____

27   [9] Dkt. No. 108 (Crook Decl., Exh. "H"). On June 22, 2010, Plaintiffs filed a motion in the
        Ninth Circuit to obtain their appellate attorneys' fees for the District's second appeal. That
28      motion is now being briefed in the Ninth Circuit.

207 F.3d 575, 576 (9th Cir. 2000). Here, the merits were not reversed, they were affirmed, and relief under Rule 60(b) was neither sought nor are there any grounds on which it could be granted.

All possible appeals on the merits have now been determined. Plaintiffs have prevailed, and with the exception of adding post-judgment interest to the amount awarded,[10] the District's obligation to pay the fees awarded in the October 21, 2005 Fee Order is not subject to any appeal or adjustment.

The reason for the Stay having dissipated, Plaintiffs request that this Court lift Judge Cooper's stay and order compliance with the October 21, 2005 Fee Order, including the payment of post-judgment interest pursuant to 28 U.S.C. §1961.

## III. PLAINTIFFS' APRIL 21, 2008 FEE MOTION SHOULD NOW BE DECIDED BY THIS COURT

In addition to the fees awarded in the October 21, 2005 Fee Order, Plaintiffs sought their reasonable attorneys' fees for their work on the District's first appeal and on remand. *See Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1053 (9th Cir. 1991) and other cases cited in Plaintiffs' April 21, 2008 fee motion (Dkt. No. 82.) That motion was fully briefed and ready for hearing and submission when Judge Cooper issued an Order Staying Adjudication of Attorneys' Fees Motion (Dkt. No. 102), based on the District's stated intention to argue on appeal that the District Court lacked subject matter jurisdiction on remand. Dkt. No. 102 (Crook Decl., Exh. "F").

As with the first Fee Order, the condition for abating the second fee motion no longer exists. The District's second appeal has been rejected, and with one exception discussed below, the underlying factual and legal bases for Plaintiffs' second fee

---

[10] Fee awards earn post-judgment interest in the same manner as judgments on the merits. *See, e.g., Guam Society of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 702-703 (9th Cir. 1996); *Corder v. Brown*, 25 F.3d 833, 837 (9th Cir. 1994). Here, interest on the fee award is $64,712.58 through July 20, 2010, and is accruing at $34.52 per day. Crook Decl., ¶ 17.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LIFTING OF STAY AND FOR DETERMINATION OF PREVIOUSLY FILED MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

8

motion are unchanged from when it was filed and briefed.

The only adjustment required for that motion is to compensate Plaintiffs for the delay in payment occasioned by the District's unsuccessful appeal. That delay is compensable by an award of interest, from the date entitlement to fees was established, *i.e.*, the date Plaintiffs won the remanded hearing. *See Friend v. Kolodzieczak*, 65 F.3d 1514, 1519 (9th Cir. 1995); *Guam Society etc.,* 100 F.3d at 702 (interest accrues from date of original judgment, even though award vacated on appeal for consideration of intervening case law). That interest amounts to $222.61 through July 20, 2010, and is accruing at $1.69 per day.  Crook Decl., ¶ 17.

## IV.   PLAINTIFFS ARE ENTITLED TO THEIR REASONABLE ATTORNEYS' FEES FOR THIS MOTION

Under fee-shifting statutes like the IDEA, Plaintiffs are entitled to all fees reasonably incurred in seeking and collecting their statutory attorneys' fees. *See, e.g., Anderson v. Dir., Office of Workers Compensation Programs,* 91 F.3d 1322, 1325 (9th Cir. 1996).

Since the Ninth Circuit's decision in Plaintiffs' favor, Plaintiffs' attorneys have have spent 37.25 hours (exclusive of time spent on their appellate fee motion) researching and preparing this motion and accompanying documents.  Crook Decl., ¶13 and Exh. K; Vanaman Decl., ¶20; Tovmassian Decl., ¶9; Robinson Decl., ¶11; Pearl Decl., ¶ 7 and Exh. B.  Time spent subsequently will be claimed with Plaintiffs' reply.

Counsel's hourly rates are reasonable.  Under the IDEA, counsel are entitled to the hourly rates they request if those rates are in line with the rates charged by attorneys of comparable experience, expertise, and skill for comparable work in the relevant community.  *See* 20 U.S.C. §1415(i)(3)(c);  *Blum v. Stenson*, 465 U.S.886, 895 n.11 (1984); *Camacho v. Bridgeport Financial*, *Inc.,*  523 F.3d 973, 979-80 (9th Cir. 2008).  The Declarations of Mr. Crook, Ms. Vanaman, Mr. Tovmassian, Ms. Robinson and Mr. Pearl, who was associated in to handle the remaining fee issues,

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LIFTING OF STAY AND FOR DETERMINATION OF PREVIOUSLY FILED MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

9

1  establish their experience, expertise, professional attainments, and previous fee

2  awards.  *See* Crook Decl., ¶¶ 2-8, 10-11; Vanaman Decl., ¶¶ 2-19; Tovmassian Decl.

3  ¶¶ 2-8, Robinson Decl. ¶¶ 2-10; Pearl Decl., ¶¶ 2-6.  Further, the declaration of Los

4  Angeles attorney Carol Sobel, an experienced federal litigator, as well as the facts

5  stated in Mr. Pearl's declaration (¶¶8-14), establish that the hourly rates requested here

6  are quite modest in view of the experience and accomplishments of Plaintiffs' lawyers.

7  *See, e.g., Prison Legal News v. Schwarzenegger,* __F.3d __, ___, 2010 U.S.App.

8  LEXIS 11690, at *17 (9th Cir. 2010) (affirming hourly rates of up to $740 per hour for

9  fee-related work, based on comparable showing.) Plaintiffs' fees and costs claim to

10  date for this stage of the proceedings is $21,239.10. Crook Decl., ¶15; Pearl Decl., ¶

11  7.

12       As noted above, Plaintiffs are willing to waive these fees if the District does not

13  contest the lifting of the stay of execution on Judge Cooper's October 21 Fee Order

14  and this Court's determination of Plaintiffs' April 21, 2008 fee motion without further

15  briefing.  *See* Crook Decl., ¶16.  However, given the District's past propensity to

16  litigate every issue, such a concession is unlikely.  Therefore, Plaintiffs request to be

17  fully compensated for having to litigate what should be an uncontested motion.

18       **V. CONCLUSION**

19       For all the foregoing reasons, Plaintiffs respectfully request that this Court:  (a)

20  lift the stay of execution on Judge Cooper's October 21, 2005 Fee Order and direct the

21  District to pay the total sum of $399,825.37, (i.e. $335,112.79, plus accrued interest

22  of $64,712.58 through July 20, 2010), plus interest at the daily rate of $34.52 from

23  July 21, 2010 until payment by the District; (b) decide the Plaintiffs' April 21, 2008

24  fee motion on the basis of the briefing and documents previously filed, with an award

25  of interest thereon; and (c) in the event the District contests this motion, award

26  ///

27  ///

28

1  Plaintiffs their reasonable attorneys' fees for this motion of $21,239.10, plus all

2  attorneys fees and costs incurred from July 21, 2010 through the date of hearing on

3  this motion.

4

5  Dated: July 20, 2010                    Respectfully submitted,

6

7                                          **NEWMAN AARONSON VANAMAN**
                                           Valerie Vanaman
                                           George D. Crook
8                                          Henry Tovmassian

9                                          **LAW OFFICES OF RICHARD M. PEARL**
                                           Richard M. Pearl

10

11                                         By. /s/ Richard M. Pearl
                                           _____
12                                              Richard M. Pearl
                                                Attorneys for Plaintiffs
13                                              H. B. and Penny B.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LIFTING OF STAY AND FOR DETERMINATION OF PREVIOUSLY FILED MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

11