UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 04-8572(SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | H.B., ETC.; ET AL. v. LAS VIRGENES UNIFIED SCHOOL DISTRICT; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| George Crook<br>Richard Pearl | | Charles Weatherly | |

**Proceedings:** **PLAINTIFF'S MOTION FOR LIFTING OF STAY AND FOR DETERMINATION OF PREVIOUSLY FILED MOTION FOR ATTORNEYS' FEES AND COSTS FILED 4/21/2008** (filed 07/20/10)

## I.   INTRODUCTION

On October 15, 2004, plaintiffs H.B., an autistic child, and Mrs. B., his mother, brought the instant action pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et. seq. ("IDEA"), seeking judicial review of an administrative decision in favor of defendant Las Virgenes Unified School District (the "District). On August 22, 2005, Judge Florence-Marie Cooper[1] reversed the decision of the Hearing Officer, finding that "H.B.'s placement was predetermined, and accordingly, the procedural requirements of the IDEA were violated." Order Reversing Decision of Hearing Officer, Aug. 18, 2005, at 18. On September 19, 2005, the District appealed this decision ("Appeal I"). On October 21, 2005, Judge Cooper awarded plaintiffs attorneys' fees and costs in the sum of $335,112.79, and stayed the execution of the award pending the District's appeal to the Ninth Circuit ("2005 Fees Award"). On July 3, 2007, the Ninth Circuit vacated the ruling and remanded for the district court to make further factual findings regarding the District's intent or state of mind prior to and during the relevant IEP meeting.

---

[1] The instant case was originally assigned to the Chambers of Judge Florence-Marie Cooper. It was transferred to this Court on June 10, 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 04-8572(SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | H.B., ETC.; ET AL. v. LAS VIRGENES UNIFIED SCHOOL DISTRICT; ET AL. | | |

On March 26, 2008, Judge Cooper issued an Order on Remand, which, like the original order, found that the decision of the Hearing Officer should be reversed based on violations of the procedural requirements of the IDEA. Order on Remand, March 26, 2008, at 7. On April 21, 2008, plaintiffs filed a motion requesting attorneys' fees incurred on Appeal I and on remand from Appeal I ("2008 Fees Motion"). On June 13, 2008, Judge Cooper issued an order holding the 2008 Fees Motion in abeyance pending the Ninth Circuit's decision on plaintiff's appeal of Judge Cooper's Order on Remand ("Appeal II"), in part because the District had indicated that it was going to argue on appeal that the district court had not had jurisdiction because the case was moot. Order Staying Adjudication of Attorneys' Fees Motion, June 13, 2008 at 1.

On March 11, 2010, the Ninth Circuit issued a Memorandum affirming Judge Cooper's March 26, 2008 decision. On July 23, 2010, the Ninth Circuit issued an order granting a motion filed in that court by plaintiff-appellees for attorneys' fees incurred on Appeal II.

On July 20, 2010, plaintiffs filed the instant motion. On August 13, 2010, the District filed two opposition briefs. On September 3, 2010, plaintiffs filed a reply. After carefully considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

Under the IDEA, 20 U.S.C. § 1415(i)(3)(B), "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." Congress' intent was to provide parents with disabled children a substantive right that could be enforced through the procedural mechanisms in the IDEA. Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell, 940 F. 2d 1280, 1286 (9th Cir. 1991).

Attorneys' fees awarded under the IDEA are governed by the "degree of success" standard, in which a partially prevailing party may not recover fees for unsuccessful claims, and the level of the party's success is relevant to the amount of fees to be determined. See Aguirre v. Los Angeles Unified Sch. Dist., 461 F. 3d 1114, 1121 (9th Cir. 2006) (applying analysis used in Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Indeed, "the most critical factor is the degree of success obtained." Id. The hourly rate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 04-8572(SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | H.B., ETC.; ET AL. v. LAS VIRGENES UNIFIED SCHOOL DISTRICT; ET AL. | | |

for fees charged "shall bee based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. §1415(i)(3)(c).

## III.   DISCUSSION

### A.   2005 Fees Award

Plaintiffs move to lift the stay on the execution of the 2005 Fees Award. Mot. at 7. Plaintiffs assert that this is proper because "[a]ll possible appeals on the merits have now been determined[, p]laintiffs have prevailed, and with the exception of adding post-judgment interest to the amount awarded, [the Fees Award] is not subject to any appeal or adjustment." Id. at 7-8.

Defendant argues that the 2005 Fees Award was "nullified when the Ninth Circuit vacated the substantive decision on which the attorneys' fees award was based." Opp. To Plaintiff's Mot. For Lifting of Stay ("Stay Opp.") at 2. Further, defendant argues, plaintiffs "are not entitled to fees as they have failed to achieve a result that materially alters the legal relationship between the parties today, and therefore are not the prevailing party for the purposes of attorneys' fees. Id. at 4. Assuming, however, that the Court were to find that plaintiffs are entitled to some attorneys' fees, defendant argues that the amount of fees awarded to plaintiffs should be reduced to account for "time spent on issues on which Plaintiffs were unsuccessful." Id. at 5. Specifically, defendant argues that plaintiffs' fees award should be reduced for time spent on the many issues raised at the administrative hearing on which they were unsuccessful, and because plaintiffs were unable to establish that the substantive requirements of the IDEA were not met by the District. Id. at 5-13. The District also argues that "the lodestar figure identified by Plaintiffs in their 2005 Attorneys' Fees Request is based on an inflated hourly rate and an unreasonable number of hours expended." Id. at 13.

In their reply, plaintiffs argue that the 2005 Fees Award is final and binding. Reply at 6. Plaintiffs assert that "an attorney fee order becomes final when the time to appeal that order expires [30 days after the order becomes final], even if the merits have been previously appealed." Id. Therefore, plaintiffs argue, because defendants did not timely file an appeal to the 2005 fees award, a motion pursuant to Fed. R. Civ. Proc. 60(b) is their exclusive remedy. Id. However, plaintiffs assert that such a motion is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 04-8572(SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | H.B., ETC.; ET AL. v. LAS VIRGENES UNIFIED SCHOOL DISTRICT; ET AL. | | |

appropriate at this stage. Id. at 9. First, there is no basis for the District's challenge of the fee award based on the fact that Judge Cooper's original decision was vacated, because the decision on the merits of this case has since been affirmed. Id. at 9-10. Moreover, defendants cannot challenge the "underlying substance" of the 2005 Fees Award ("its findings on hours and rates") because "a Rule 60(b)(5) motion is not a substitute for an appeal that could and should have been made previously." Id. at 10.

The Court agrees with plaintiffs that Judge Cooper's order of October 21, 2005, granting plaintiffs their reasonable attorneys' fees is final and binding on the parties. Therefore, the Court GRANTS plaintiffs' motion to lift the stay on the execution of the 2005 Fees Award. The Court further finds that it is appropriate to include post-judgment interest pursuant to 28 U.S.C. § 1961.

### B.    2008 Fees Motion

Plaintiffs also request that this Court consider the briefing filed in connection with its 2008 Fees Motion, held in abeyance until the resolution of Appeal II, which has since been decided in plaintiffs' favor. Mot. at 7. Plaintiffs assert that such consideration is now appropriate because "[a]ll possible appeals on the merits have now been determined." Id. at 8.

Defendant argues in opposition that plaintiffs are not entitled to the fees requested in the 2008 Fees Motion. Opp. To Mot. For Determination of Previously Filed Mot. For Attorneys' Fees ("Fees Opp") at 7. First, the District argues that plaintiffs are not a prevailing party for purposes of the fee-shifting statute because the resolution of the dispute did not "change the relationship between [plaintiffs and defendants]." Id. at 7-11. Second, defendant argues that even if plaintiffs are entitled to some portion of their attorneys' fees for the relevant time period, they should be reduced "based on unreasonable hours expended, duplicative hours, and an excessive hourly rate." Id. at 12.

In reply, plaintiffs contend that the Ninth Circuit's order of July 23, 2010, granting plaintiffs' motion for attorneys' fees incurred in Appeal II is determinative of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 04-8572(SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | H.B., ETC.; ET AL. v. LAS VIRGENES UNIFIED SCHOOL DISTRICT; ET AL. | | |

prevailing party issue.[2]  The Court agrees that plaintiffs are the prevailing party, and therefore finds that plaintiffs are entitled to their reasonable attorneys' fees for the period of December 1, 2005-April 17, 2008.[3]

Therefore, the Court proceeds to consider whether the hours and rates proposed by plaintiffs are reasonable and whether any reason exists for the lodestar to be reduced. Under 20 U.S.C. § 1415(i)(3)(C), attorneys' fees awarded in an IDEA action "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of service furnished."  In Davis v. San Francisco, 976 F. 2d 1536, 1544 (9th Cir. 1987), vacated in part on denial of hearing, 984 F. 2d 245 (9th Cir. 1993),

---

[2] In reply, plaintiffs also object to defendant's use of its opposition to this motion to present new evidence and argument in opposition to the 2008 Fees Motion. Reply at 12. They request that the Court ignore this new evidence.  Id.  If the Court chooses to accept defendant's "new evidence and argument on the 2008 Fee Motion, Plaintiffs request permission to file a full response."  Id. at 13.  The Court denies that request.

[3] The Court also finds that the Ninth Circuit's decision that plaintiffs were the prevailing party and entitled to reasonable attorneys' fees is determinative of defendants' argument in their opposition to the 2008 Fees Motion that plaintiffs were not entitled to attorneys' fees based on mootness.  Opp. To 2008 Fees Motion at 1-11.  Even if the Ninth Circuit decision did not preempt that argument, the Court would still be inclined to reject it.  Defendant does not appear to have argued mootness in any brief on the merits of this case either to the district court or to the Ninth Circuit.  Given that defendant continued to appeal the district court decision, forcing plaintiffs to incur attorneys' fees on two appeals and on remand, it is inequitable to allow the District to now assert that the issues were already moot and thereby require plaintiffs to bear those costs.  Relatedly, the Court rejects defense counsel's argument at the hearing on this matter that the fees awarded should be reduced based on the contention that the relationship between the parties did not change as a result of this litigation.  As plaintiffs' counsel argued in response, plaintiffs were fully successful on their claims before the district court, resulting in the provision of hundreds of thousands of dollars worth of education expenses by defendant. Moreover, as discussed above, having forced plaintiffs to incur fees on two appeals and on remand, it is inequitable for the District to now assert that the litigation was meaningless in order to limit its liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 04-8572(SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | H.B., ETC.; ET AL. v. LAS VIRGENES UNIFIED SCHOOL DISTRICT; ET AL. | | |

the Court noted that attorneys' fees should be calculated with "close attention paid to the fees charged by lawyers of reasonably comparable skill, experience, and reputation." The Court is satisfied, based on the Declarations of George D. Crook, Valerie Vanaman, Robert M. Myers, Henry Tovmassian, Sharon Robinson, and Carol A. Sobel in support of the 2008 Motion, and the exhibits attached to those declarations, that the rates requested ($575, $495, and $430 per hour) are reasonable and consistent with rates previously approved by courts in cases such as the one at bar.

With respect to the time spent on the litigation, defendants object to the following hours on the basis that they were unnecessary and/or duplicative in their opposition to the instant motion:

- 2.20 hours billed by Ms. Vanaman and 20.0 hours billed by Mr. Chavira for their work in connection with the preparation of the brief presented to the Ninth Circuit on Appeal I. Fees Opp. at 13.
- 15.90 hours by Mr. Tovmassian and 4.00 hours by Ms. Vanama incurred preparing for Mr. Crook's oral argument to the Ninth Circuit.
- 6.80 hours billed by Mr. Myers for reviewing and revising plaintiffs' post-hearing brief to the district court. Id. at 14.
- 24.20 hours billed by Ms. Vanaman to rewrite and edit the reply brief in support of plaintiffs' 2008 Fees Motion. Id. at 14-15.
- 38.50 hours billed by Mr. Winn to review the reply brief and conduct research on the 2008 Fees Motion. Id. at 15.

The Court finds that defendants have established that the challenged hours were duplicative and unnecessary. The Court therefore finds it appropriate to reduce the award by $40,725.50.

To the extent that defendant argues that plaintiff's failure on the substantive requirements prong of their IDEA claim necessitates a reduction in the fees awarded based on their 2008 Fees Motion, the Court rejects this argument for the same reasons it was rejected in Judge Cooper's 2005 Fees Award. "The fact that a party may obtain all the relief sought as a result of procedural violations of the IDEA rather than substantive violations does not diminish the extent of that party's success. Accordingly, under the IDEA, success on only procedural grounds does not deprive a party of prevailing party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 04-8572(SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | H.B., ETC.; ET AL. v. LAS VIRGENES UNIFIED SCHOOL DISTRICT; ET AL. | | |

status and does not limit the amount of fees to be awarded." 2005 Fees Award at 5 n.1. Moreover, this argument is even less persuasive with respect to the time period for which plaintiffs currently seek fees because in this time period, the only issue was the procedural element: "no time was spent by either side on the 'substantive' aspects of the IEP." Reply at 13. The Court also disagrees with defendants' characterization of the plaintiffs as having unnecessarily protracted this litigation, and therefore does not find it necessary to reduce any of the fees awarded on this basis. Fees Opp. At 22-23.

### C.   Fees incurred for work on the instant motion

Plaintiffs further request an award of fees incurred "in seeking and collecting their statutory attorneys' fees." Mot. at 9. Plaintiffs submit declarations with accompanying exhibits to demonstrate the reasonableness of the rates charged and the hours spent "researching and preparing [the instant] motion and accompanying documents." Id.

Defendant argues that the rates are "excessive, do not represent the prevailing market rates in the Los Angeles area for this type of action, and are not the rates necessary to attract competent counsel," and offers expert testimony to this effect. Fees Opp. at 21. The District also challenges the contrary opinion offered by plaintiffs, suggesting that the "firms cited by Mr. Pearl in support of counsel's rates are those law firms that charge the highest rates in California, and, for that matter, in the country, to perform highly complex commercial and class action litigation," and are therefore not relevant to the analysis at hand. Id. at 20. Defendant further argues that, to the extent plaintiffs present evidence that this Court has previously approved of the 2008 rates of the attorneys in question, that it is not reasonable that their rates would have gone up between 2008 and today given the state of the economy. Id. at 20-21. Based on survey data, the District suggests that the prevailing rate for attorneys is $250 per hour, as opposed to the rates requested, which are $650 for Mr. Crook and Ms. Vanaman, $550 for Mr. Tovmassian, $500 for Ms. Robinson, and $170 for Mr. Chan. Id.

In their reply, plaintiffs argue that their moving papers presented specific evidence that the rates requested were reasonable, and that the District failed to meet their burden to present "equally specific countervailing evidence." Reply at 15. Plaintiffs further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 04-8572(SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | H.B., ETC.; ET AL. v. LAS VIRGENES UNIFIED SCHOOL DISTRICT; ET AL. | | |

argue that defendant's evidence of the prevailing rates lacks credibility, and that its argument is based on the wrong legal standard. Id. at 16. Moreover, plaintiffs argue, "the hourly rates requested here are quite modest in view of the experience and accomplishments of Plaintiffs' lawyers," and compared with rates that courts in this circuit have previously approved. Id. at 10. The Court agrees with plaintiffs and finds that the rates requested are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984).

Defendant also argues that plaintiffs are not entitled to recover fees incurred by Mr. Pearl, because he is "a lawyer who is compensated to render expert opinions in support of attorneys' fees applications," and "the IDEA is clear that parties may not recover fees for experts or consultants." Fees Opp. at 22. Plaintiffs contend that "[t]he undisputed facts here are that Mr. Pearl was associated into this case as an attorney/advocate, not an expert, to guide and prepare Plaintiffs' appellate and district court fee motions." Reply at 20. The Court agrees and finds that Mr. Pearl's fees are recoverable by plaintiffs.

However, the Court finds that the amount requested for work on the instant motion–$77,255.30–and particularly the $56,016.20 requested in connection with the reply brief and oral argument, is unreasonably high. The Court finds that half of the amount requested for work on the reply brief is reasonable, and reduces the award accordingly. The Court therefore finds that an award of $49,247.20 in attorneys' fees for work on the instant motion is reasonable.

## IV.   CONCLUSION

Based on the foregoing, the Court GRANTS plaintiffs' motion for lifting of stay and for determination of previously filed motion for attorneys' fees and costs. The District is hereby directed to pay plaintiffs the following sums:

a.   $335,112.79 in fees and costs as ordered in the October 19, 2005 order granting attorneys' fees and costs to the plaintiffs, plus accrued interest of $64,712.58 through July 20, 2010, plus interest at the daily rate of $34.52.

b.   $667,029.20 in fees and costs incurred between December 1, 2005 and April

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 04-8572(SSx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | H.B., ETC.; ET AL. v. LAS VIRGENES UNIFIED SCHOOL DISTRICT; ET AL. | | |

17, 2008, plus accrued interest from March 11, 2010.

c.   $49,247.20 in fees incurred on the instant motion.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |